UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DENNIS PETILLO,

Petitioner,

v.

GAVIN NEWSOM, et al.,

Respondents.

Case No.:  3:26-cv-01536-RBM-LR

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

Petitioner is a state prisoner proceeding pro se with a habeas corpus action filed pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  Petitioner has neither paid the filing fee nor filed a motion to proceed in forma pauperis.  For the reasons discussed below, the instant action is **DISMISSED** without prejudice.

### FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner cannot proceed with this action until he has either paid the $5.00 filing fee or has qualified to proceed in forma pauperis.  *See* Rule 3(a), Rules Governing Section 2254 Cases.  As such, the instant case is subject to dismissal for failure to satisfy the filing fee requirement.

### FAILURE TO INVOKE THE COURT'S JURISDICTION

Petitioner has also not invoked this Court's jurisdiction with respect to either a federal habeas challenge pursuant to section 2254 or a challenge to Petitioner's conditions

1

3:26-cv-01536-RBM-LR

of confinement.  Further, because jurisdiction for a habeas challenge and a challenge to his conditions of confinement appear to lie in different Districts, the Court finds transfer inappropriate.

**A.      Failure to Invoke Court's Habeas Jurisdiction**

Petitioner has not invoked this Court's jurisdiction with respect to this habeas challenge.  A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Jud. Cir. Crt.*, 410 U.S. 484, 497 (1973).  Petitioner's state court conviction occurred in Los Angeles County.  (*See* Doc. 1 at 2); *see also* California Department of Corrections and Rehabilitation – California Incarcerated Records and Information Search website, reflecting Petitioner's commitment county as Los Angeles, https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=AU5662, last visited March 17, 2026).  Los Angeles County is within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division.  28 U.S.C. § 84(c)(2).  Petitioner is presently confined at Mule Creek State Prison in Ione, California (*see* Doc. 1 at 1), located in Amador County, which is within the jurisdictional boundaries of the United States District Court for the Eastern District of California.  28 U.S.C. § 84(b).  Because Petitioner is neither housed in San Diego or Imperial Counties and does not challenge a judgment of conviction from either San Diego or Imperial Counties, he has failed to invoke the jurisdiction of this Court with respect to his habeas challenge.  *See* 28 U.S.C. § 84(d) ("The Southern District comprises the counties of Imperial and San Diego.")

Although this Court does not have jurisdiction over the action, "[u]nder a provision of the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of jurisdiction the court shall transfer the action to any other such court in which the action could have been brought 'if it is in the interest of justice.'"  *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351–52 (9th Cir. 1987)).  Transferring a habeas corpus proceeding to a district with proper jurisdiction is in

the interest of justice because dismissal of an action that could be brought elsewhere is "time consuming and justice-defeating." *Miller*, 905 F.2d at 262 (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)).

Ordinarily, pursuant to 28 U.S.C. § 1631, the Court would transfer this proceeding to Petitioner's district of conviction, which is in this instance the Central District of California, Western Division. *See* 28 U.S.C. § 2241(d); *Braden*, 410 U.S. at 497, 499 n.15 (noting that the district of conviction is ordinarily a more convenient forum because of the accessibility of evidence, records, and witnesses); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Here, however, while Petitioner indicates the conviction upon which this petition is based is his 2014 Los Angeles County judgment of conviction (*see* Doc. 1 at 2), a review of the claims in the Petition, as best the Court can discern, reflects that Petitioner is primarily challenging the conditions of his confinement at Mule Creek State Prison. (*See generally* Doc. 1.) Because proper venue for that challenge would lie in a different District than for his habeas action, as discussed below, the Court declines to transfer this action and instead finds dismissal appropriate.

**B.    Challenge to Petitioner's Conditions of Confinement**

It appears that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the contentions Petitioner presents. Upon review, Petitioner indicates on the completed petition form that the instant Petition concerns "prison discipline" and "other," and he does not affirmatively indicate the petition concerns his conviction and/or sentence. (*See* Doc. 1 at 2.) While the substance of the claims in the Petition is nearly incomprehensible (*see generally* Doc. 1), Petitioner appears to reference a conspiracy, names as Defendants the Governor of California, the "White House," the former Speaker of the House and a former President, references numerous state and federal officials, the LAPD and the CIA, and references some sort of treatment for or diagnosis of a disease, murder and attempted murder and assault and battery. (*See id.* at 3–4.) Petitioner also seems to allege some sort of action by various officers at Mule Creek State Prison, the correctional institution where he is currently confined, New Folsom State Prison, another

3

correctional institution, and references "RJD Donovan San Diego," yet another correctional institution, without any clarity to the context of that mention. (*Id.*) Petitioner also appears to reference, at a minimum, cruel and unusual punishment and the Americans with Disabilities Act ("ADA"). (*Id.* at 4.)

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499. It does not appear that Petitioner's claims are cognizable on habeas because it is unclear how he challenges the constitutional validity or duration of his confinement. *See* 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); *see also Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (finding claims that "would not necessarily lead to his immediate or earlier release from confinement" do "not fall within the core of habeas corpus") (citations omitted).

Moreover, Petitioner is currently confined at Mule Creek State Prison and it seems the events at issue took place at that institution or potentially during a prior incarceration at New Folsom State Prison (*see* Doc. 1 at 1, 3–4), both of which are within the jurisdictional boundaries of the Eastern District of California.[1] *See* 28 U.S.C. § 84(b). Petitioner's apparent reference to Richard J. Donovan Correctional Facility ("RJD") is nearly unintelligible and lacks any coherent context (*see* Doc. 1 at 3), but to the extent

---

[1] New Folsom State Prison, located in Sacramento County, is adjacent to Folsom State Prison and is now named CSP-Sacramento. (*See* California Department of Corrections and Rehabilitation at https://www.cdcr.ca.gov/facility-locator/sac/).

3:26-cv-01536-RBM-LR

Petitioner alleges any event or events also took place during a prior incarceration at that institution, such a challenge would be within the jurisdictional boundaries of the Southern District of California.  *See* 28 U.S.C. § 84(d) ("The Southern District comprises the counties of Imperial and San Diego.")

However, based on the limited decipherable allegations, venue is more likely proper in the Eastern District because it appears "a substantial part of events" took place in that District and it is thoroughly unclear whether *any*, much less a substantial part of, events took place in this District and it additionally does not appear that any named Defendant resides in this District.[2]  *See* 28 U.S.C. § 1391(b) ("A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may

[2] The Ninth Circuit has provided that "a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner."  *Nettles*, 830 F.3d at 936 ("'If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'") (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)).  Here, the allegations as to the named Respondents are largely unintelligible; it also appears Petitioner has presented allegations against several other individuals in the Petition who are not named as Respondents.  *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)).  For those reasons, the Petition does not appear amenable to conversion.  Additionally, the Court notes that on the same day this habeas Petition was filed, Petitioner filed a § 1983 Complaint in this District naming the same four Defendants as Respondents, as well as naming the Los Angeles Police Department. (*See Petillo v. Los Angeles Police Department, et al.*, S.D. Cal. Case No. 26-cv-1537-AJB-JLB, ECF 1.)

3:26-cv-01536-RBM-LR

otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.")

### C. Dismissal Without Prejudice is Appropriate

The Court declines to transfer the instant case and instead finds dismissal without prejudice appropriate because, as discussed above: (1) Petitioner ostensibly challenges his 2014 Los Angeles County judgment of conviction and also appears to challenge the conditions of his confinement, (2) jurisdiction for Petitioner's challenges appears to lie in different Districts, (3) Petitioner has not invoked this Court's habeas jurisdiction; and (4) it appears the proper venue for his challenge to his conditions of confinement lies in another District. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought.")

### CONCLUSION AND ORDER

Because Petitioner has failed to satisfy the filing fee requirement and because venue does not lie in this District with respect to either the instant federal habeas challenge or a challenge to the conditions of Petitioner's present confinement at Mule Creek State Prison or a prior confinement at New Folsom State Prison, the Court **DISMISSES** this case without prejudice to Petitioner to pursue those claims in a Court with proper venue.

To the extent Petitioner potentially seeks to challenge the conditions of a prior confinement at RJD and not the fact or length of his custody, the dismissal is without prejudice to proceed with such claims either in his previously-referenced § 1983 action filed in this District or in a new civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new case number.

**IT IS SO ORDERED.**

Dated:  April 15, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

6

3:26-cv-01536-RBM-LR